UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

ROSARIO ALAIMO,
an individual,

Case No.

Plaintiff,

v.

TRADEWINDS AIRLINES, INC d/b/a
SKYLEASE CARGO INC.,
a foreign corporation,
SKY LEASE I, INC.,
a Florida Corporation,
and SKY LEASE II, INC.,
a Florida Corporation,

Defendants.
_______________________________________/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff ROSARIO ALAIMO ("ALAIMO" or "PLAINTIFF") by and through undersigned counsel, brings this action and complaint for damages and demand for jury trial against Defendants TRADEWINDS AIRLINES, INC. d/b/a SKYLEASE CARGO INC. ("SKYLEASE CARGO"), SKY LEASE I, INC. ("SKY LEASE I"), SKY LEASE II, INC. ("SKY LEASE II"), (collectively, "SKYLEASE" or "DEFENDANTS"), and in support thereof, alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this suit is based on claims made under Title VII of the Civil Rights Act of 1964, 42 U.S.C §2000-e et seq., which prohibits discrimination based on race and national origin.

Jurisdiction is conferred upon this Court by 42 U.S.C §2000-e-5(f) and 28 U.S.C. § 1337 and 28 U.S.C. § 1345.

2. Jurisdiction is further conferred upon this matter with regards to Defendant SKYLEASE CARGO because of diversity jurisdiction, 28 U.S.C. § 1332 since Plaintiff resides in Broward County, Florida and Defendant SKYLEASE CARGO is a North Carolina corporation doing business in Florida.

3. Venue is proper in this Court under 28 U.S.C. § 1331 (a) and (b) because "a substantial part of the events or omissions giving rise to the claim" occurred within the Southern District of Florida and Defendants conduct substantial and not isolated business within the Southern District of Florida.

**PARTIES**

4. Plaintiff ROSARIO ALAIMO is a resident of the State of Florida.

5. Defendant SKYLEASE CARGO LLC is a North Carolina corporation, engaging in business in Miami, Florida.

6. Defendant SKY LEASE I, INC. is a Florida corporation, engaging business in Miami, Florida.

7. Defendant SKY LEASE II, INC. is a Florida corporation, engaging business in Miami, Florida.

8. Defendant SKYLEASE CARGO LLC is a person within the meaning of 42 U.S.C §2000-e(a) and an employer within the meaning of 42 U.S.C §2000-e(b).

9. Defendant SKYLEASE I, INC. is a person within the meaning of 42 U.S.C §2000-e(a) and an employer within the meaning of 42 U.S.C §2000-e(b).

**Hudson & Calleja, LLC**
3211 Ponce De Leon Boulevard, Suite 102, Coral Gables, FL 33134
Telephone: 305-444-6628; Facsimile: 305-444-6627

10. Defendant SKYLEASE II, INC. is a person within the meaning of 42 U.S.C §2000-e(a) and an employer within the meaning of 42 U.S.C §2000-e(b).

11. Defendants jointly employed Plaintiff ROSARIO ALAIMO.

**STATEMENT OF FACTS**

12. Alaimo is a White, Hispanic man.

13. Alaimo was an International Reserve Officer/First Officer ("IRO/FO") with Defendants from May 2010 through October 4, 2013.

14. Prior to working for Defendants, Alaimo was a pilot with over twenty (20) years of experience.

15. Prior to working for Defendants, Alaimo never failed a pilot proficiency test, otherwise known as a "check-ride."

16. Prior to working for Defendants, Alaimo was a pilot for several airlines as detailed in his application for employment.

17. During his employment, Plaintiff was denied a promotion to captain because of his race and national origin.

18. Less qualified and less experienced Venezuelan pilots, however, were promoted.

19. During his employment, Plaintiff was denied unbiased proficiency tests because of his race and national origin.

20. SKYLEASE discriminated against Alaimo and other non-Venezuelan pilots.

21. For example, Chief Pilot for SKYLEASE, Carlos ("Coco") Marquez discriminated against Alaimo by inappropriately training and testing his skills as a pilot.

22. Specifically, Coco Marquez would conduct training sessions that were outside of the average training or testing sessions.

**Hudson & Calleja, LLC**
3211 Ponce De Leon Boulevard, Suite 102, Coral Gables, FL 33134
Telephone: 305-444-6628; Facsimile: 305-444-6627

23. On one occasion, Coco Marquez conducted a five-and-a-half (5.5) hour session rather than an average two (2) hour session. Such sessions violated FAA standards.

24. By conducting the aforementioned session in such a manner, Coco Marquez created an environment in which non-Venezuelan pilots failed pilot proficiency tests or "check-rides."

25. A failure of a "check-ride" becomes a permanent part of a pilot's record.

26. Such pilot records will follow the pilot to any and all future employment.

27. Coco Marquez also consistently berated the non-Venezuelan pilots during training sessions and constantly gave them negative feedback.

28. When Coco Marquez conducted training or testing sessions for Venezuelan pilots, he treated the pilots differently.

29. Upon information and belief, Venezuelan pilots did not fail their check rides.

30. At all times material hereto, less qualified Venezuelan pilots were promoted ahead of Plaintiff who had seniority in terms of time working with SKYLEASE and who was a more experienced pilot.

31. Less qualified Venezuelan pilots were also given more hours to work than Plaintiff and other non-Venezuelan pilots.

32. SKYLEASE discriminated against all non-Venezuelan pilots including the Plaintiff.

33. The Chief Pilot subjectively failed Plaintiff in multiple check-rides because he was not Venezuelan.

34. During the check rides, the Chief Pilot would require pilots to maneuver in simulated emergencies created by the Chief Pilot himself.

**Hudson & Calleja, LLC**
3211 Ponce De Leon Boulevard, Suite 102, Coral Gables, FL 33134
Telephone: 305-444-6628; Facsimile: 305-444-6627

35. The Chief Pilot would create completely improbable emergency scenarios for the non-Venezuelan pilots.

36. This aforementioned action would force the non-Venezuelan pilots to fail the check rides.

37. For the Venezuelan pilots, however, the scenarios created in the simulator were scenarios based in realistic scenes.

38. This testing was created specifically to make the non-Venezuelan pilots fail the check-rides.

39. On or about October 4, 2013, Plaintiff failed another check-ride, not because of his abilities as a pilot, but rather because he was given a set of circumstances in the simulator that were completely improbable.

40. No reasonable pilot would have passed the check-ride.

41. During each check-ride, the Chief Pilot would fill-out a Proficiency Evaluation Form, otherwise known as a check-ride evaluation form.

42. On or about October 4, 2013, the Chief Pilot told Plaintiff that if Alaimo wanted to pass the check-ride, he needed to sign a blank Proficiency Evaluation Form even prior to taking the proficiency evaluation test.

43. On or about that same day, Plaintiff refused to sign a blank Proficiency Evaluation Form.

44. Alaimo timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about March 11, 2014, attached hereto as part of Composite Exhibit A.

**Hudson & Calleja, LLC**
3211 Ponce De Leon Boulevard, Suite 102, Coral Gables, FL 33134
Telephone: 305-444-6628; Facsimile: 305-444-6627

45. Plaintiff received a Dismissal and Notice of Rights authorization and this action is brought within ninety (90) days of receipt of said notice. A copy of Dismissal and Notice of Rights is attached hereto as Composite Exhibit A.

46. All conditions precedent to the filing of this law suit have been satisfied.

**COUNT I – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

47. Plaintiff realleges and incorporate herein all of the allegations set forth in paragraphs 1-46 above as if set forth herein.

48. Defendants discriminated against Plaintiff because of his and national origin, in violation of Section 703(a) of Title VII, 42 U.S.C §2000e-2(a), by failing to promote him and provide the appropriate salary increase and use the pretext of a failed check-ride to justify the discriminatory animus.

49. As a result of the discrimination, Plaintiff suffered damages with regards to loss of compensation and loss of benefits.

**REQUEST FOR RELIEF**

WHEREFORE, based on the foregoing, Plaintiff requests the following relief:

A. An Order prohibiting the discriminatory practice;

B. Back Pay;

C. Front Pay;

D. Punitive Damages;

E. Reasonable attorneys fees and costs in this action; and

D. Any other relief the Court deems just and proper.

**Hudson & Calleja, LLC**
3211 Ponce De Leon Boulevard, Suite 102, Coral Gables, FL 33134
Telephone: 305-444-6628; Facsimile: 305-444-6627

**REQUEST FOR TRIAL BY JURY**

27. Plaintiff hereby requests a trial by jury on all matters so triable.

Dated: July 29, 2014

Respectfully submitted,

**HUDSON & CALLEJA, LLC**
Counsel for Plaintiff
3211 Ponce De Leon Boulevard
Suite 102
Coral Gables, Florida 33134
Telephone: (305) 444-6628
Facsimile: (305) 444-6627
gseijo@hudsoncalleja.com
jsocorro@hudsoncalleja.com

By:/s/ Robert W. Hudson
**ROBERT W. HUDSON**
Florida Bar No.: 993875
**GRISSEL SEIJO**
Florida Bar No.: 087594
**JOSE A. SOCORRO**
Florida Bar No.: 011675

MS 20140054 1

Received

APR 30 2014

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented To: Agency(ies) Charge No(s):

[ ] FEPA

[X] EEOC

Florida Commission On Human Relations and EEOC

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Rosario Alaimo | 917-279-8816 | |

| Street Address | City, State and ZIP Code |
|---|---|
| 100 Golden Isles Dr. #100 | Hallandale, Fl 33009 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Skylease Cargo | +15 | 336-665-7149 |

243 A. Burgess Road, Greensboro, NC 27409

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Centurion Cargo | +15 | 305-871-0130 |

| Street Address | City, State and ZIP Code |
|---|---|
| 1777 NW 72nd Ave. | Miami, Fl 33126 |

DISCRIMINATION BASED ON (Check appropriate box(es).)

[X] RACE [ ] COLOR [ ] SEX [X] RELIGION [ ] NATIONAL ORIGIN [ ] RETALIATION [ ] AGE [ ] DISABILITY [ ] GENETIC INFORMATION [ ] OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE

Earliest: April of 2011

Latest: 2014

[X] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

Please see attached.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY – When necessary for State and Local Agency Requirements

I declare under penalty of perjury that the above is true and correct.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

2/26/14 [signature]

Date Charging Party Signature

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

EXHIBIT "A"

p 1/2 5-808-1855 4-03-04 12:22 MAIN

[illegible]

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: [illegible] Alfonso
[illegible] Drive, Apt. 119
[illegible], FL [illegible]

From: Miami District Office
Miami Tower, 100 S E 2nd Street
Suite [illegible]
Miami, FL 33131

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| [illegible] | Pablo Alfonso, Federal Investigator | (305) 808-1744 |

(See also the additional information enclosed with this form.)

NOTICE TO THE PERSON AGGRIEVED:

Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA): This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

Age Discrimination in Employment Act (ADEA): You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

[signature]

[illegible]
[illegible] Director

APR 3 0 2014
(Date Mailed)

[illegible]